**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA DIVISION)**

Hyun Tai Choi,
4905 Americana Dr. Apt 111E
Annandale, VA 22003
(Fairfax County)

    *Plaintiff*

v.                                                                        Case No. _____

Jooan Peace, Inc.
d/b/a Yechon Korean Restaurant                              **Jury Demanded**
Attn: Daniel H. Shin, President and R/A
4600-G Pinecrest Office Park Dr.,
Alexandria, VA 22312
Tel: (703) 914-4646
(Fairfax County),

Daniel H. Shin,
President and Owner
Jooan Peace, Inc.
d/b/a Yechon Korean Restaurant
7509 Woodplace Court,
Annandale, VA 22003
(Fairfax County),

and

Seong J. Shin,
Secretary and Owner
Jooan Peace, Inc.
d/b/a Yechon Korean Restaurant
7509 Woodplace Court,
Annandale, VA 22003
(Fairfax County),

    *Defendants*

**COMPLAINT**

Plaintiff Hyun Tai Choi ("Mr. Choi" or "Plaintiff"), by and through his counsel, states as following in his Complaint under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C.§§201 *et. seq.,* against defendants Jooan Peace, Inc., Daniel Shin and Seong J Shin (collectively "Defendants"):

1. Jurisdiction is proper under 28 U.S.C. §1331 as the FLSA is a federal law.

2. Venue is proper under 28 U.S.C. §1391(b)(1) because Jooan Peace, Inc. is a Virginia corporation with its Registered Office located at 4600-G Pinecrest Office Park Dr. Alexandria, VA 22312. In addition, Daniel H. Shin and Seong J. Shin are residents of Virginia.

3. Mr. Choi was an employee of Defendants within the meaning of the FLSA, 29 U.S.C.§203.

4. Mr. Choi was an individual employed by Defendants.

5. Jooan Peace, Inc. ("Jooan") is a Korean Restaurant doing business as Yechon. Daniel H. Shin ("Mr. Shin") was the president and owner of Jooan. during at all relevant times herein. Mr. Shin is the resident agent of Jooan. During the relevant period herein, Mr. Shin and Seong J. Shin ("Mrs. Shin") acted directly in the interest of Jooan.

6. Mr. Choi worked as a cook for Defendants. Mr. Choi started working for Defendants from approximately middle of November 1999 to March 18, 2020. Mr. Choi worked overtime hours during his employment. Mr. Choi worked 72 hours every week during the relevant time period. Mr. Choi's typical work hours were from 10:00PM to 10:00AM.

7. Mr. Choi was, during at all times relevant herein, a non-exempt employee under the FLSA.

8. Mr. Choi's job while working for Defendants during the relevant time period was to prepare ingredients, process customer orders, produce meals and clean the workplace.  Most foods prepared by Mr. Choi were Korean food with some Asian fusion foods.

9. Defendants hired Mr. Choi.  Defendants had control over Mr. Choi as to the manner in which Mr. Choi's work was performed.  Defendants determined how Mr. Choi's work was performed.  Defendants provided specific direction for how Mr. Choi should perform his work.  Defendants provided training to Mr. Choi.  Defendants set Mr. Choi's work hours, directed him to a particular work site, and could fire Mr. Choi at will.

10. Mr. Choi's only employer during the relevant time period were Defendants.  Mr. Choi did not have any opportunity for profit or loss dependent on his managerial skills.  Mr. Choi was paid on weekly basis of $1,370/weekly.  Mr. Choi's work was time oriented, not project oriented.  Mr. Choi did not have the authority to make business strategy decisions to increase his profit.  Mr. Choi did not have an option whether to hire an assistant, whether to invest in advertisements, or whether to adjust pricing.  Mr. Choi did not have an option as to the jobs he could take from Defendants.  Mr. Choi's earnings did not depend upon his judgement or initiatives, but on the need for his work.

11. The necessary materials such as vegetables, meat, food ingredients and seasoning were provided to Mr. Choi by Defendants.  Defendants provided all the equipment needed for Mr. Choi in carrying out his job.

12. Mr. Choi's work required low-skill.  However, the skill required of Mr. Choi was not a high degree.  In performing Mr. Choi's job, no technical expertise was needed.

13. Mr. Choi's working relationship with Defendants was a permanent one.  Mr. Choi worked for Jooan ever since on or about November 1999.  During all times relevant herein, Mr.

Choi worked full time for Jooan. During his employment with Jooan, Mr. Choi had exclusive relationship with Jooan and there was continuity during the relevant time period.

14. As a cook, Mr. Choi's work was an integral part of Jooan's business. Jooan was a Korean Restaurant and Mr. Choi was a cooked Korean food.

15. During the relevant time period, upon information and belief, either Mr. Shin or Mrs. Shin authorized all payments to Mr. Choi. Upon information and belief, Mr. & Mrs. Shin are husband and wife. They are officers and joint owners of Jooan. Mr. Shin is and was the president and Mrs. Shin is and was the secretary of Jooan at all times relevant herein.

16. During Mr. Choi's employment with Defendants, Mr. Shin gave instructions to Mr. Choi as to how and where to work. Mr. Shin gave instructions as to what materials will be used in working. Mr. Shin and Mrs. Shin set the work hours and wage amounts for Mr. Choi.

17. During at all relevant time herein, Jooan was engaged in interstate commerce. It purchased produce and meat sourced from out-of-state such as from Maryland and Pennsylvania.

18. Upon information and belief, Jooan had an annual gross revenue in excess of $500,000 during each of the past three years.

19. Mr. Choi was paid $19.0278 per hour (or $1,370 per week) during all relevant times herein.

20. Mr. Choi worked 72 hours every week. Mr. Choi was paid every two weeks for 144 hours. Mr. Choi was never paid any overtime pay, however.

21. During at all relevant times herein, Mr. Choi was entitled to overtime pay for overtime hours worked each week. Mr. Choi was entitled to 1.5 times his regular rates for the overtime hours. As such, for every week worked, Defendants owe Mr. Choi 32 hours of overtime pay or $304.44 per week (or $43.49 per day).

22. Defendants failed to pay Mr. Choi for his overtime work. Under the FLSA, Defendants were required to pay Mr. Choi 1.5 times his regular rate for each overtime hour he worked. Defendants failed to pay Mr. Choi overtime pay for approximately 59 weeks (413 days).

23. The total amount of overtime pay that Defendants failed to pay Mr. Choi during the relevant time period is at least $17,962.22.

24. Mr. Choi was entitled to proper pay, including overtime pay, under the FLSA.

25. Defendants were required to pay proper pay, including overtime pay, to Mr. Choi under the FLSA.

26. Defendants' failure to pay proper pay to Mr. Choi was willful. Defendants knew that they were required to pay overtime pay to Mr. Choi, but they knowingly failed to do so.

27. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor or any state government agencies concerning their pay practices and policies.

28. Upon information and belief, Defendants never obtained any legal advice that its overtime pay practices and/or policies were compliant with federal and state wage-hour laws.

29. Defendants were engaged in the illegal practice in violation of the FLSA by failing to pay the overtime pay to Mr. Choi.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court to grant the following relief:

(1) Declare that Defendants violated the plaintiff's rights under the FLSA;

(2) Judgment against Defendants, jointly and severally, pursuant to the FLSA, including: (i) an award of unpaid wages in the amount of at least $17,962.22; (ii) an award of

liquidated damages equal to the amount of the unpaid wages; (iii) an award of reasonable attorney's fees and costs; and, (iv) an award of judgment interests; and,

   (3)  Other relief deemed just and proper.

               Respectfully Submitted,

               By Counsel

               <u>/s/ James Y. Victory</u>
               James Y. Victory, VSB#66042
               4216 Evergreen Ln. #131
               Annandale VA  22003
               Tel: 703-333-2005 Fax: 866-399-0698
               Email: hanmicenter@gmail.com
               *Counsel for Hyun Tai Choi*

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all issues so triable.

               *<u>/s/ James Y. Victory</u>*
               James Y. Victory, VSB#66042
               4216 Evergreen Lane.  #131
               Annandale VA  22003 USA
               Tel: 703-333-2005 Fax: 866-399-0698
               Email: hanmicenter@gmail.com
               *Counsel for Hyun Tai Choi*